CHARLES KING, appellant,

*v.*

FREDERICK FOERSTER, respondent.

---

JACOB BOLLINGER, appellant,

*v.*

FREDERICK FOERSTER, respondent.

[Filed November 26th, 1900.]

1. The eleventh exception was intended to charge King with a joint liability with Bollinger for the whole account.—*Held,* that assuming that a decree to that effect would avail exceptant, the refusal to make such a decree was not erroneous, it appearing by uncontradicted proof that King received no part of the estate.

King *v.* Foerster.

2. The fourth and fifth exceptions charge both trustees with dereliction of duty in selling a part of testator's real estate below its fair value.— *Held*, that the conclusion of the orphans court. that the sale was at a fair price and properly made, was amply sustained by the proofs.

3. *Held*, further, that as King was properly acquitted of any dereliction of duty as trustee, it was erroneous to decree that he should pay counsel fees to the proctor and counsel of exceptant.

4. *Held*, further, that although Bollinger succeeded in the orphans court upon all the exceptions which were contested, yet, as he conceded the correctness of the other exceptions and thereby his account was properly surcharged, it was not erroneous to decree that he should pay counsel fees to the proctor and counsel of exceptant, but such counsel fees should not exceed reasonable compensation for the services rendered, and that under the circumstances exhibited in this case, $400 was an excessive allowance, which should be reduced to $150.

On appeal from the orphans court of Hudson county.

An account was filed in the surrogate's office by two executors and trustees, and therein one of them (Bollinger) acknowledged that he had received and managed the whole of the trust fund and rendered a specific account of receipts and expenditures, and the other of them (King) disclaimed and denied the receipt by him of any of the trust fund. Exceptions thereto were filed by a *cestui que trust*. On the hearing before the orphans court, accountants admitted that all the exceptions except the fourth, fifth and eleventh were well taken, and the contest was confined to those exceptions.

*Mr. Samuel A. Besson,* for King.

*Mr. Joseph S. Parry,* for Bollinger.

*Mr. William E. Skinner,* for the respondent.

THE ORDINARY.

By the will of Frederick Foerster, admitted to probate in Hudson county on May 27th, 1892, all the estate of the testator was given and devised to Jacob Bollinger and Charles King upon certain trusts.

In September or October, 1897, an account was filed with the surrogate of Hudson county, which commences as follows:

"The account of Jacob Bollinger and Charles King, executors and trustees, under the last will and testament of Frederick Foerster, deceased, late of the county of Hudson, as well of and for the estate which has come to their hands to be administered as for their payments and disbursements out of the same."

To this followed the following statement:

"Jacob Bollinger charges that all moneys were received by him for said estate and all payments made by him, and the accounting heretofore made was made by him, and he therefore makes the following account of said estate; this accountant Jacob Bollinger charges himself," &c.

Then followed a regular account of debits and credits, which was sworn to by Bollinger. Then the following statement appeared:

"As to the account of Charles King, as executor and trustee, under the aforesaid will of Frederick Foerster, deceased, said Charles King says that he never received any of the moneys or assets of said estate, and took no active part in conducting and managing thereof, but left the same to the aforesaid Jacob Bollinger and entrusted the entire management of said estate to said Jacob Bollinger."

and this statement was sworn to by King.

On November 1st, 1897, Frederick Foerster, who is interested as *cestui que trust,* filed twelve exceptions to the account.

The matter coming on to be heard before the orphans court, counsel for Bollinger and King acknowledged that all the exceptions except the fourth, fifth and eleventh were well taken, and not contested. The stenographer's notes, which indicate that the acknowledgment extended only to the fourth and fifth exceptions, are supplemented by the opinion of the court, which clearly shows that the eleventh exception was also contested.

From the decree made thereon, Bollinger and King have appealed, and the appeals have been argued together. It will be necessary, however, to consider the appeals separately.

King appealed from so much of the decree as required him

(together with Bollinger) to pay $400 counsel fee to the proctor and counsel of exceptant.

Respondent, in his answer to King's petition of appeal, under the provisions of rule 2, specified items in the account as to which he claimed the decree in King's favor was erroneous, and claimed a modification of the account as to them, as if he had brought a cross appeal. Although his answer states his claim to be asserted by way of a cross appeal, it is not deemed to prevent him from claiming the benefit of the rule, the specifications of the answer being sufficient for that purpose.

So far as King is concerned, the specifications of respondent's answer may be considered under two heads: (1) that it was erroneous not to charge King jointly with Bollinger for all the trust estate, and (2) that King should be so charged for the loss to the estate resulting from a sale of a house and lot included in the trust, at a price claimed to be much below its true value.

It will be observed that the account was not a joint account; but if it had been, a decree adjudging a balance to be due thereon would not be, *per se,* conclusive evidence of the joint liability of the trustees therefor. *Weyman* v. *Thompson, 7 Dick. Ch. Rep. 263.* On the contrary, it was a separate account of each trustee, and Bollinger admitted the receipt of all the estate and King denied the receipt of any part of it. The evidence before the court below established the truth of these claims of the trustees beyond dispute. It did appear that King joined with Bollinger in the deed conveying the house and lot in question, but it also appeared that the whole proceeds of the sale were received by Bollinger. The liability of King, therefore, was not indicated by such evidence.

The evidence was deemed by the court below not to indicate that there was any liability on the part of King for a failure of duty resulting in loss to the estate occasioned by Bollinger's dereliction in respect to moneys received by him.

With these conclusions I entirely concur.

As to the claim that the account should be surcharged with a sum which would represent the excess of the real value of the house and lot sold, over and above the sum received by Bollinger,

it is sufficient to say that I also concur in the view of the orphans court that the sale was at a fair price and properly made.

The complaint of respondent in respect to King cannot prevail.

But the appeal of King against the decree requiring him to pay the proctor and counsel of respondent is, in my judgment, well taken. The court had properly adjudged him to be free from any liability whatever for any acts of commission or omission with respect to the trust. Under such circumstances, assuming the power of the orphans court to decree the payment of counsel fees, I fail to discover any reason to charge him with such payment.

Upon King's appeal the decree against him, so far as appealed from, must be reversed, with costs of this court.

Bollinger appeals from the same decree in several particulars.

He first insists that certain allowances which were claimed in his account were disallowed by the orphans court. But these were the subjects of some of the exceptions, which, on the hearing, were admitted to be well taken. The decree, in that respect, was made with the consent of accountant in open court, and no appeal will lie therefrom.

He next insists that King should have been decreed to be jointly liable with him. This claim is disposed of by what has been said upon the similar claim made by respondent.

He lastly insists that the decree is erroneous in directing him to pay a counsel fee of $400, and claims that if he is liable to pay a fee to respondent's counsel, the amount allowed is grossly excessive.

No contest has been made as to the power of the orphans court to decree the payment of counsel fees by the accountants themselves. Such power has been exercised and has been approved by this court. *Brokaw* v. *Brokaw, 14 Stew. Eq. 304.* But a decree for the payment of counsel fees may be reviewed on appeal to this court. *Brokaw* v. *Brokaw, ubi supra; Burr* v. *Burr, 8 Dick. Ch. Rep. 627; Fluke* v. *Lake, 9 Dick. Ch. Rep. 638.*

Although respondent failed to maintain a single one of the contested exceptions, he did succeed in charging upon Bollinger

amounts which were additional to those admitted in his account. These amounts were conceded by Bollinger's counsel in the court below to have been properly chargeable to him. The case presented, then, was that of a trustee who failed to make a complete account and whose account was surcharged upon the exception of an interested party. I perceive no ground to impute to this trustee corrupt or fraudulent intent; his dereliction seems rather the result of ignorance of his duties. But as this dereliction occasioned loss to the trust fund, and was established on his own admission, a decree allowing respondent a counsel fee to be paid by the derelict trustee would seem proper. The allowance of such a fee and its amount is, no doubt, to be determined in the discretion of the court. That discretion should not be disturbed by a reversal, unless it manifestly appears to have been erroneously exercised.

When such discretion is applied in the allowance of counsel fees, the amount should be fixed as a compensation for such labor as counsel has been compelled to perform for his client. It is not to be treated as a penalty imposed upon the delinquent trustee and graduated by the court's sense of his misconduct, but only as an imposition upon the trustee of the expense which the *cestui que trust* has reasonably been required to pay to compel the trustee to a proper account. Any award exceeding reasonable compensation for such services of counsel must be held to be excessive.

I feel compelled to conclude that the amount of $400 imposed upon Bollinger far exceeds any reasonable compensation, and is exorbitant. The labor of preparing to prove the exceptions which were admitted could not possibly have been great. The time expended in trying the exceptions, in which respondent was unsuccessful, was short, and would have been much shorter but for the introduction of much repetitious and irrelevant testimony which has swollen the record. For the whole services I deem $150 to be ample compensation, and the allowance above that sum is excessive.

Respondent, in his answer to Bollinger's appeal, makes, under rule 2, substantially the same claims as those set up in his answer to King's appeal. For the reasons above given I think

the account in this respect was properly passed in the court below.

It results that, upon Bollinger's appeal, the decree must be modified by reducing the amount allowed for counsel fees from $400 to $150, and as so modified, it must be affirmed. As Bollinger succeeds upon his appeal in securing a substantial modification of the decree, I think he should have his costs in this court.